IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JUSTIN GOTTFRIED-PERKINS,

        Plaintiff,

    v.

OREGON DEPARTMENT OF HUMAN
SERVICES; LANE COUNTY DHS;
JACKSON COUNTY DHS; DOES 1-20,

        Defendants.

Civ. No. 6:25-cv-01450-AA

**OPINION & ORDER**

AIKEN, District Judge.

    Self-represented Plaintiff Justin Gottfried-Perkins seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. Plaintiff has also filed a Motion for Appointment of Pro Bono Counsel, ECF No. 4, and a document captioned "Omnibus Motion to Dismiss, Vacate Orders, Suppress Evidence, and for Immediate Return of Minor Children to their Mother." ECF No. 3. For the reasons set forth below, Plaintiff's IFP application is GRANTED, but the Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants. The Motion for Appointment of Counsel and the "Omnibus Motion" are DENIED.

## LEGAL STANDARD

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP

statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id*.

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 2, and the petition will be GRANTED.

Plaintiff's children were taken into the custody of the Oregon Department of Human Services ("DHS") on June 4, 2024. Compl. ¶ 8. Plaintiff alleges that DHS has conditioned contact between Plaintiff and his children "on Plaintiff's participation in paid reunification services provided by private third-party contractors." *Id*. at ¶ 9. Plaintiff alleges that this situation amounts to compelled speech, retaliation, and "Financial emoluments to private actors and government contractors, conditioned on suppression of fundamental rights." *Id*. at ¶ 12.

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against DHS and local DHS offices for Lane County and Jackson County for violation of his First and

Fourteenth Amendment rights and alleges a violation Emoluments Clause of the U.S. Constitution. Petitioner seeks compensatory and punitive damages in addition to declaratory and injunctive relief.

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Section 1983 claims must be brought against "persons," which does not include Oregon state agencies like DHS. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As a result, Plaintiff has failed to state a claim under § 1983.

In addition, states are generally immune from suit under the Eleventh Amendment and sovereign immunity unless Congress has abrogated their immunity, or the state has waived immunity by consenting to suit in express terms. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021); *Micomonaco v. State of Washington*, 45 F.3d 316, 319 (9th Cir. 1995). This immunity extends to state agencies and "arms of the state" like DHS. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997). There has been no abrogation of sovereign immunity under § 1983. *Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001). Nor has there been any waiver of sovereign immunity in this case. Plaintiff's § 1983 claims against the DHS and its local offices are barred by the Eleventh Amendment.

Plaintiff's § 1983 claims against DHS, Lane County DHS, and Jackson County DHS are DISMISSSED. Because the protection of the Eleventh Amendment and the "person" requirement of § 1983 cannot be overcome by the allegation of addtional facts, dismissal of those claims against those Defendants are with prejudice. However, as Plaintiff is self-represented, the Court will dismiss the Complaint itself with leave to amend. Plaintiff shall have thirty days from the date of this Order in which to file an amended complaint stating his claims on some other basis. However, Plaintiff is cautioned that the § 1983 claims against Oregon DHS, Lane County DHS, and Jackson County DHS have been dismissed with prejudice, meaning that they cannot be re-alleged in the amended complaint.

Because the Court has dismissed the Complaint, the Omnibus Motion is DENIED as moot.

Finally, the Court turns to Plaintiff's Motion for Appointment of Counsel. A district court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). "A finding of exceptional circumstances . . . requires at least an evaluation of likelihood of the plaintiff's success on the merits and plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation marks and citation omitted). For the reasons discussed above, the Court has concluded that Plaintiff has failed to state a claim and has dismissed the Complaint. The Court does

not find exceptional circumstances warranting the appointment of counsel. The motion is therefore DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's Application for Leave to Proceed IFP, ECF No. 2, is GRANTED, but the Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. As discussed above, the § 1983 claims against Defendants Oregon DHS, Lane County DHS, and Jackson County DHS have been dismissed with prejudice and may not be realleged. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice. Plaintiff's Omnibus Motion, ECF No. 3, and Motion for Appointment of Counsel, ECF No. 4, are DENIED.

It is so ORDERED and DATED this ___21st___ day of August 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge